BRETT D SZMANDA, ESQ (SBN 288688)
Brett@szmandalaw.com
18351 Beach Blvd., Suite K
Huntington Beach, California 92648
Telephone: (714) 369-6861
Facsimile: (360) 851-7730

Attorney for Plaintiffs and Class Members

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ROBERT DE LEON & PATRICIA VINCENT, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>  vs.<br><br>SERVICELINK, INC, FIDELITY NATIONAL MANAGEMENT SERVICES, LLC., FIDELITY NATIONAL FINANCIAL, INC., BKFS II SERVICES, LLC, and DOES 1-20,<br><br>   Defendants. | Case Number: 8:14-cv-02040-JLS-RNB [Assigned to the Hon. Josephine L. Staton]<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>(1) Violation of California *Labor Code* §§ 1194(a) and 1198 (Failure to Pay Minimum Wages);<br><br>(2) Violation of California *Labor Code* §§ 510 and 1198 (Unpaid and Improperly Calculated Overtime);<br><br>(3) Violation of California *Labor Code* § 226(a) (Improper Wage Statements and Recordkeeping);<br><br>(4) Violation of California *Labor Code* §§ 226.7(a) and 512(a) (Unpaid Missed Meal Breaks);<br><br>(5) Violation of California *Labor Code* § 226.7(a) (Unpaid Missed Rest Breaks);<br><br>(6) Violation of California *Labor Code* §§ 201, 202, 203 & 204 (Wages Not Paid Upon Termination); |

1

2    (7) Violation of California *Business &*
     *Professions Code* § 17200, et seq.
3    (Unfair Competition); and

4
     (8) Civil Penalties Pursuant to *Labor*
5    *Code §§* 2698 *et seq.*

6
     Complaint Filed:      April 1, 2014
7    Removal Date:         December 23, 2014
     Trial Date:           October 18, 2016
8

9    **Demand for Jury Trial**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Robert De Leon and Patricia Vincent (hereinafter "Plaintiffs"), on behalf of themselves and the other proposed Class Members, and as representatives of the People of the State of California, allege as follows:

## JURISDICTION AND VENUE

1)      This action is brought as a class action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332.  At least one plaintiff and one defendant are citizens of different states.  On information and belief, there are at least 100 class members, and the amount in controversy exceeds $5 million.

2)      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, Defendants maintain offices and transact business in this county, and work was performed by a substantial amount of the members of the proposed Class made the subject of this action in the County of Orange, California.

## PARTIES

3)      Plaintiff De Leon is, and at all relevant times herein, was a California citizen residing in Moreno Valley, California.

4)      Plaintiff Vincent is, and at all relevant times herein, was a California citizen residing in Moreno Valley, California.

5)      Defendant ServiceLink, Inc. (hereinafter "ServiceLink"), on information and belief, is, and at all relevant times herein, was a Delaware corporation that maintained its principal place of business in Moon Township, Pennsylvania. During all relevant times herein mentioned, ServiceLink was authorized to do business under the laws of the State of California and doing business within the State of California, including, but not limited to, Los Angeles, San Diego, San Bernardino and Orange Counties. At all times relevant herein, Defendant ServiceLink was subject to the *Labor Code of* the State of California and to the Orders of the Industrial Welfare Commission ("IWC") promulgated by the Commission pursuant

SECOND AMENDED CLASS ACTION COMPLAINT

1 | to and by virtue of the authority vested in it by Sections 1171 through 1204 of the
2 | *Labor Code and* Article 14, Section 1 of the Constitution of the State of California.

3 | 6) Defendant Fidelity National Management Services, LLC (hereinafter
4 | "Fidelity"), on information and belief, is, and at all relevant times herein, was a
5 | Delaware limited-liability company that maintained its principal place of business in
6 | Jacksonville, Florida. During all relevant times herein, Fidelity was and is
7 | authorized to do business under the laws of the State of California and doing
8 | business within the State of California, including, but not limited to, Los Angeles,
9 | San Diego, San Bernardino and Orange Counties. At all times relevant herein,
10 | Fidelity was subject to the *Labor Code of* the State of California and to the Orders of
11 | the Industrial Welfare Commission ("IWC") promulgated by the Commission
12 | pursuant to and by virtue of the authority vested in it by Sections 1171 through 1204
13 | of the *Labor Code and* Article 14, Section 1 of the Constitution of the State of
14 | California.

15 | 7) Defendant BKFS II Services, LLC ("BKFSII") is, upon information and
16 | belief, a Delaware limited-liability company with its principal place of business in
17 | Jacksonville, Florida, and at all times hereinafter mentioned, is an employer of
18 | employees engaged throughout the State of California from January 2, 2014 to the
19 | present.

20 | 8) Defendant Fidelity National Financial, Inc. (hereinafter "FNF"), on
21 | information and belief, is, and at all relevant times herein, was a Delaware
22 | corporation that maintained its principal place of business in Jacksonville, Florida.
23 | During all times herein mentioned, FNF was subject to the *Labor Code of* the State
24 | of California and to the Orders of the Industrial Welfare Commission ("IWC")
25 | promulgated by the Commission pursuant to and by virtue of the authority vested in
26 | it by Sections 1171 through 1204 of the *Labor Code and* Article 14, Section 1 of the
27 | Constitution of the State of California. Defendants ServiceLink, Fidelity, and

28 |

BKFSII are, on information and belief, wholly owned direct or indirect subsidiaries of Defendant FNF.

9)     At all times relevant herein, there were in full force and effect Orders of the Industrial Welfare Commission covering various occupations in which Defendants' employees were employed, including but not limited to IWC Order No. 4-2001 covering the "Professional, Technical, Clerical, Mechanical and Similar Occupations." The IWC Orders are codified at Title 8, California Code of Regulations, Section 11010, *et seq*.

10)     Plaintiffs are informed and believe, and thereon allege that ServiceLink, Fidelity, FNF, BKFSII and Does 1-20 are subsidiaries or predecessors in interest of one another. In the alternative, plaintiffs allege that if ServiceLink, Fidelity, FNF, BKFSII and Does 1-20 are not subsidiaries or predecessors in interest of one another, that ServiceLink, Fidelity, FNF, BKFSII and Does 1-20 are an integrated enterprise in that there is an interrelation of operations between ServiceLink, Fidelity, FNF, BKFSII and Does 1-20, there is common management between ServiceLink, Fidelity, FNF, BKFSII and Does 1-20, there is centralized control of labor relations between ServiceLink, Fidelity, FNF, BKFSII and Does 1-20, and there is common ownership or financial control between ServiceLink, Fidelity, FNF, BKFSII and Does 1-20.

11)     Plaintiffs are informed and believe, and thereon allege that if ServiceLink, Fidelity, FNF, BKFSII and Does 1-20 are not subsidiaries or predecessors in interest to one another, or if ServiceLink, Fidelity, FNF, BKFSII and Does 1-20 are not an integrated enterprise, that ServiceLink, Fidelity, FNF, BKFSII and Does 1-20 (hereinafter "Defendants") have acted as joint employers with respect to the Plaintiffs and the other proposed Class Members because Defendants have:

      a. jointly exercised meaningful control over the work performed by the Plaintiffs and the other proposed Class Members;

b. jointly exercised meaningful control over the Plaintiffs' and the other proposed Class Members' wages, hours and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks the Plaintiffs and the other proposed Class Members performed;

c. jointly required the Plaintiffs and the other proposed Class Members to perform work which is an integral part of Defendants' businesses, and

d. jointly exercised control over the Plaintiffs and the other proposed Class Members in that the Plaintiffs and the other proposed Class Members, as a matter of economic reality, are dependent upon Defendants, who share the power to set the Plaintiffs' and the other proposed Class Members' wages and determine their working conditions, and who jointly reap profits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment, and for other related reasons.

12)   Plaintiffs are unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1-20, but pray for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

13)   Plaintiffs are informed and believe, and based thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, ServiceLink, Fidelity, FNF, BKFSII and Does 1-20 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policies of ServiceLink, Fidelity, FNF, BKFSII and Does 1-20.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

14)    Plaintiffs are informed and believe, and based thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

15)    At all times relevant herein, the employment of Defendants' employees was subject to the provisions of the California *Labor Code* and to the IWC's Wage Orders, including but not limited Wage Order 4-2001.

## CLASS ACTION ALLEGATIONS

16)     Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under Federal Rule of Civil Procedure 23.

17)    Plaintiffs and all the other Class Members are citizens of California.

18)    All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

19)    The proposed "Class" is defined as:

> "All nonexempt employees whose payroll has been processed by Defendants ServiceLink, Inc. or BKFS II and have been employed by Defendants in the state of California at any point during the Nonexempt Class Period of April 1, 2010 through the date of preliminary approval, and all exempt employees whose payroll has been processed by Defendant ServiceLink, Inc. and have been employed by Defendants in the state of California at any point during the Exempt Class Period of April 1, 2013 through December 31, 2013."

20)    The proposed "Nonexempt Subclass" (hereinafter "NS-Class") is defined as:

> "All Class Members employed by Defendants in a nonexempt position at any point during the Nonexempt Class Period of April 1, 2010 through the date of preliminary approval."

SECOND AMENDED CLASS ACTION COMPLAINT

21)   The proposed "Wage Statement Subclass" (hereinafter "WSS-Class") is defined as:

> "All Class Members employed by Defendants in a nonexempt position who received wage statements from ServiceLink, Inc. or BKFS II at any point during the Nonexempt Wage Statement Subclass Period of April 1, 2013 through the date of preliminary approval, and all Class Members employed by Defendants in an exempt position who received wage statements from ServiceLink, Inc. at any point during the Exempt Wage Statement Subclass Period of April 1, 2013 through December 31, 2013."

22)   The proposed "Waiting Time Subclass" is defined as:

> "All Class Members employed by Defendants in a nonexempt position who were terminated at any point during the Waiting Time Subclass Period of April 1, 2011 through the date of preliminary approval."

23)   The proposed "PAGA Subclass" is defined as:

> "All Class Members employed by Defendants at any point during the PAGA Subclass Period of February 27, 2013 through the date of preliminary approval."

24)   There is a well-defined community of interest in the litigation and the class is easily ascertainable:

a.   <u>Numerosity</u>:  The members of the Class and each subclass (hereinafter collectively "Class Members") are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire Class is unknown to Plaintiffs at this time, however, the Class and each subclass is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.   <u>Typicality</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member with whom they have a well-defined

community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

c.    Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately, protect the interests of each Class Member with whom Plaintiffs have a well-defined community of interest and typicality of claims, as alleged herein.   Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member.  Plaintiffs' attorney and class counsel is versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action will continue to incur, costs and attorney's fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

d.    Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

e.    Public policy considerations:  California employers frequently violate employment and labor laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  Class actions provide the Class Members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while still protecting their privacy.

25)    There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

a.  Whether Defendants are joint employers such that each and all of the acts and omissions alleged herein were performed by, or are attributable to Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf;

b.  Whether Defendants ratified each and every act or omission complained of herein, and whether Defendants aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged;

c.  Whether Defendants required Plaintiffs and the other NS-Class Members to work over eight (8) hours per day or over forty (40) hours per week and failed to pay legally required premium overtime compensation to Plaintiffs and the other NS-Class Members;

d.  Whether Defendants compensated Plaintiffs and the other NS-Class Members at the appropriate regular rate of pay;

e.  Whether Defendants compensated Plaintiffs and the other NS-Class Members at the appropriate overtime rate of pay;

f.  Whether Defendants' failure to pay wages to Plaintiffs and the other NS-Class Members, without abatement or reduction, in accordance with the California Labor Code, was willful;

g.  Whether Defendants had a policy of paying NS-Class Members one hour of pay for each meal break missed by an employee;

h.  Whether Defendants had a policy of paying NS-Class Members one hour of pay for each rest break missed by an employee;

i.  Whether Defendants complied with wage reporting and record retention as required by the California Labor Code, including but not limited to § 226 with respect to Plaintiffs and the other NS- and WSS-Class Members;

j.  Whether Defendants' conduct was willful or reckless;

k.  Whether Defendants engaged in unfair business practices in violation of California Business and Professions Code §§ 17200 *et seq.*; and

l.   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

## **FACTUAL ALLEGATIONS**

26)   At all times set forth, Defendants employed Plaintiffs and other similarly situated persons throughout the State of California.

27)   All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

28)   Plaintiff De Leon was on information and belief, jointly employed by Defendants from March 12, 2012 through August 2, 2013 as a nonexempt hourly paid employee.

29)   Plaintiff Vincent was on information and belief, jointly employed by Defendants from March 12, 2012 through August 2, 2013 as a nonexempt hourly paid employee.

30)   The Defendants exercised a significant amount of control over the Plaintiffs and the other Class Members through the administration of company-wide policies and procedures governing the management of their employees.

31)   Plaintiffs are informed and believe, and based thereon allege that the Defendants, through their officers and directors, would set unreasonably high daily production quotas which the Plaintiffs and the other NS-Class Members would have to meet.

32)   Plaintiffs are informed and believe, and based thereon allege, that their immediate supervisors and managers were placed under a great deal of pressure by their superiors, who were working out of Defendant ServiceLink's headquarters in Pennsylvania. By reason thereof, Plaintiffs and the other NS-Class Members were placed under a great deal of pressure by their immediate supervisors and managers to meet their daily production quotas.

33)    Plaintiffs are informed and believe, and based thereon allege that if they or any of the other NS-Class Members were to miss their daily production quota, they would be put on the "non-productive list" and be subject to termination. The threat of termination seemed to be genuine, as the Defendants were continuously terminating their "non-productive" employees.

34)    Plaintiffs are informed and believe, and based thereon allege that Defendants intentionally maintained a high rate of employee turnover so as to make the Plaintiffs and the other NS-Class Members fearful of being terminated if they failed to meet their daily production quotas.

35)    When the Plaintiffs and the other NS-Class Members arrived to work in the morning, their "queues" would already be filled with the files they were required to complete that day.

36)    Plaintiffs are informed and believe, and based thereon allege the complexity of the files were not taken into consideration by the Defendants when establishing the Plaintiffs' and the other NS-Class Members' production quotas. Thus, if they or the other NS-Class Members spent too much time on a more complex file, the extra time spent would have to be made up somehow.  The only available options for the Plaintiffs and the other NS-Class Members to meet their unreasonably high production quotas was to skip their rest breaks, continue working while they were clocked out during their meal period and even stay at work after clocking out for the day in order to complete the files in their queues.

37)    Plaintiffs are informed and believe, and based thereon allege that Defendants were perfectly aware that their nonexempt hourly paid employees were working while clocked out for lunch, which is the reason that Defendants required all employees to clock out for a full hour each day.  By requiring its employees to take a full hour lunch each day, Defendants were ensured to receive an extra half

hours work from each nonexempt hourly paid employee for which they wouldn't have to pay.

38)    Plaintiffs are informed and believe, and based thereon allege Defendants failed to have any policy whatsoever governing the administration of a third rest break, or a second meal period to its employees who worked longer than ten (10) hours in a day.

39)    Plaintiffs are informed and believe, and based thereon allege that Defendants' Employee Guidebook states that "Supervisors will advise employees of their individual work schedules, including one 30 minute meal break and two 15 minute rest periods."  However, neither Plaintiffs nor any of the other NS-Class Members were ever advised by any of their supervisors of their right to take a third rest break and a second meal break for the days in which over ten hours was worked.

40)    Plaintiffs are informed and believe, and based thereon allege that neither they, nor any of the other NS-Class Members were ever provided with the opportunity to take a third rest break or second meal period during the days in which they worked over ten hours.

41)    Plaintiffs are informed and believe, and based thereon allege that Defendants' Employee Guidebook was amended in September 2013 to include the following: "Any waiver of the second meal period must be in writing and submitted before the second meal period."  Plaintiffs are further informed and believe, and based thereon allege that neither they, nor any of the other NS-Class Members ever signed a written waiver of their right to a second meal period.

42)    Plaintiffs are informed and believe, and based thereon allege that Defendants required and/or allowed Plaintiffs and the other NS-Class Members to work on Saturdays and Sundays, but enforced a strict policy of not providing any rest breaks or meal periods to Plaintiffs or the other NS-Class Members at all.

43)     Plaintiffs are informed and believe, and based thereon allege that neither they, nor any of the other NS-Class Members were provided with an additional one hour's wages for the days in which a rest period was not provided.

44)     Plaintiffs are informed and believe, and based thereon allege that neither they, nor any of the other NS-Class Members were provided with an additional one hour's wages for the days in which a meal period was not provided.

45)     Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about: (1) California and federal labor and wage law; (2) employment and personnel practices; and (3) the requirements of California and federal law.

46)     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other NS-Class Members were entitled to receive premium wages for overtime compensation at the lawful rate of one and one-half times the employee's regular rate of pay, and that they were not receiving premium wages for overtime compensation at the lawful rate of one and one-half times the employee's regular rate of pay.

47)     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other NS-Class Members were entitled to receive all required meal breaks or payment of one hour of pay when a meal break was missed.

48)     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other NS-Class Members were entitled to receive all required rest breaks or payment of one hour of pay when a rest break was missed.

49)     Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, Defendants knew or should have known that they had a

SECOND AMENDED CLASS ACTION COMPLAINT

duty to properly compensate Plaintiff and the other NS-Class Members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

50)   Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that they had an obligation to pay guaranteed minimum wages for all hours worked by Plaintiffs and the other NS-Class Members, but willfully, knowingly, and intentionally failed to do so.

51)   Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other WSS-Class Members were entitled to receive complete and accurate wage statements in accordance with California law.

52)   Plaintiffs' and the other WSS-Class Members' wage statements each state "Fidelity National Financial" on the first page, and indicate their business unit as "US - Fidelity National Financial".

### FIRST CAUSE OF ACTION
**Violation of California *Labor Code* §§ 1194(a) and 1198**
**(Failure to Pay Minimum Wages)**
**(Against Defendants; and on Behalf of Plaintiffs and NS-Class Members)**

53)   Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 52.

54)   California *Labor Code* § 218 authorizes employees to sue directly for any wages or penalties due to them under the *Labor Code.*

55)   California Code of Regulations Title 8 §11000(2) and the IWC Wage Orders §4(A) state: "Every employer shall pay to each employee ... wages not less than eight dollars ($ 8.00) per hour for all hours worked, effective January 1, 2008..."  "Hours worked" is defined as meaning the time during which an employee

SECOND AMENDED CLASS ACTION COMPLAINT

is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

56)   California *Labor Code*  § 1194(a) provides that *notwithstanding any agreement to work for a lesser wage*, any employee receiving less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of the applicable minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

57)   Pursuant to *Labor Code § 1197*, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

58)   Pursuant to *Labor Code*  § 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

59)   Here, therefore, Defendants are required under California law to pay the Plaintiffs and the other NS-Class Members for all hours worked, i.e., the time during which the Plaintiffs and the other NS-Class Members were subject to Defendants' control, including all the time they were suffered or permitted to work by Defendants, whether or not required to do so.  This includes the time Plaintiffs and other NS-Class Members spent working while being clocked out during meal breaks and after the end of their scheduled shift.  Defendants' failure to pay Plaintiffs and the other NS-Class Members the applicable minimum wages for each hour worked during the workweek constitutes a violation of California *Labor Code*  § 1194(a).

60)   Plaintiffs and the other NS-Class Members are entitled to recover from Defendants the unpaid balance of the full amount of the applicable minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit pursuant to California *Labor Code*  § 1194(a).

61)   California *Labor Code*  § 1194.2 provides that if an employer pays wages less than the minimum wage fixed by the order of the commission, an employee

shall be entitled to recover liquidated damages in an amount equal to the wage unlawfully unpaid and interest thereon.

62)    Plaintiffs and the other NS-Class Members are entitled to recover from Defendants the statutory liquidated damages pursuant to California *Labor Code §* 1194.2.

**SECOND CAUSE OF ACTION**
**Violation of California *Labor Code §§* 510 and 1198**
**(Unpaid and Improperly Calculated Overtime)**
**(Against Defendants; and on Behalf of Plaintiffs and NS-Class Members)**

63)    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 62.

64)    At all times herein set forth, California *Labor Code* § 218 has authorized employees to sue directly for any wages or penalties due to them under the California *Labor Code.*

65)    At all times herein set forth, California *Labor Code* § 1198 has provided that it is unlawful to employ persons for longer than the hours set by the California Industrial Welfare Commission (hereinafter "IWC").

66)    At all times herein set forth, the IWC Wage Order applicable to Plaintiffs' and the other NS-Class Members' employment by Defendants, has provided that employees working for more than eight (8) hours in a day, or more than forty (40) hours in a workweek, are entitled to payment at the rate one and one-half times his or her regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice his or her regular rate of pay.

67)    California *Labor Code*  § 510 codifies the right to overtime compensation at one and one-half times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours

worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

68)    During the relevant time period, Defendants failed to pay all premium overtime wages owed to Plaintiffs and the other NS-Class Members.  Defendants would pressure Plaintiffs and the other NS-Class Members to stay and work after already clocking out for the day, in order to achieve Defendants' unreasonably high daily production quotas.

69)    During the relevant time period, Defendants failed to include all compensation paid in calculating Plaintiffs' and the NS-Class Members' regular rates of pay and the overtime premiums for hours for which overtime pay was due.

70)    Defendants' failure to pay Plaintiffs and other NS-Class Members the unpaid balance of premium overtime compensation, as required by California state law, violates the provisions of California *Labor Code*  §§ 510 and 1198, and is therefore unlawful.

71)    Pursuant to California *Labor Code*  § 1194(a), Plaintiffs and the other NS-Class Members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION
**Violation of California *Labor Code* § 226(a)**
**(Improper Wage Statements and Recordkeeping)**
**(Against Defendants; and on Behalf of Plaintiffs and WSS-Class Members)**

72)    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 71.

73)    Defendants intentionally failed to provide Plaintiffs and the other WSS-Class Members with complete and accurate wage statements pursuant to the requirements of California *Labor Code* § 226(a) during the relevant WSS-Class periods.

SECOND AMENDED CLASS ACTION COMPLAINT

74)   Defendants intentionally did not provide Plaintiffs and the other nonexempt members of the WSS-Class wage statements that included all applicable hourly rates and the total number of hours worked at each rate, which injured them because they were denied their legal right to receive accurate, itemized wage statements under California *Labor Code* § 226(a).

75)   Plaintiffs and the other nonexempt members of the WSS-Class received wage statements that listed several categories of earnings, which include: (1) "Double Time", (2) "Straight Time OT", (3)"Regular Hours", (4) "Half Time OT", (5) "Double Time Premium", and (6) "Other Hours".  The wage statements did not list the total hours worked during the pay period, but rather listed the total amount of hours applicable to each of the different categories, along with a "multiplier".

76)   For example, when Plaintiffs and the other nonexempt members of the WSS-Class would work forty-five hours in a pay period, with five of those hours being overtime, the wage statements would reflect forty hours of "Regular Hours", five hours of "Straight Time OT" and five hours of "Half Time OT." All three categories would be compensated at the same rate of pay, but the "Half Time OT" would be subjected to a multiplier of 0.5.  The wage statement would thus indicate that fifty hours had been worked, when in fact only forty-five hours had been.

77)   Defendants' wage statements required Plaintiffs and the other nonexempt members of the WSS-Class to make complex mathematical computations in order to analyze whether the wages paid did in fact compensate them for all hours worked during the pay period.

78)   By failing to list the total number of hours that Plaintiffs and the other nonexempt members of the WSS-Class worked during each pay period, Defendants' wage statements were issued in violation of California *Labor Code* § 226(a)(2).

79)     Moreover, by failing to accurately list all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked, Defendants issued wage statements in violation of California *Labor Code* § 226(a)(9).

80)     Defendants intentionally did not provide Plaintiffs and the other nonexempt members of the WSS-Class wage statements that included the total number of hours they worked and all applicable hourly rates which further injured them by making it more difficult to ascertain if or when certain rights under the California *Labor Code* had been violated, and, in part, prevented them from ascertaining that they had not, in fact, received the proper payment of their overtime wages.

81)     Defendants also failed to provide Plaintiffs and the other WSS-Class Members with wage statements that clearly identified the name and address of the entity that is their legal employer, in violation of California *Labor Code* § 226(a)(8). Plaintiffs and the other WSS-Class Members have suffered injury and harm in that they could not easily ascertain from which entity they should seek relief for the harms they suffered.

82)     Defendants also failed to comply with the record-retention requirements of California Labor Code § 226(a) and thus were not able to provide Plaintiffs and the other WSS-Class Members copies of the wage statements they actually received during the relevant period.

83)     Defendants' inaccurate wage statements denied Plaintiffs and the other WSS-Class Members their legal right to receive accurate, itemized wage statements under California *Labor Code* § 226(a). Plaintiffs and the other WSS-Class Members have suffered injury as defined in California *Labor Code* § 226(e).

84)     Plaintiffs and the other WSS-Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California *Labor Code* § 226(a) or an aggregate penalty not exceeding

four thousand dollars ($4,000), and an award of costs and reasonable attorneys' fees pursuant to California *Labor Code* § 226(e).

### FOURTH CAUSE OF ACTION
**Violation of California *Labor Code* §§ 226.7(a) and 512(a)**
**(Unpaid Missed Meal Breaks)**
**(Against Defendants; and on Behalf of Plaintiffs and NS-Class Members)**

85)    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 84.

86)    At all times herein set forth, California *Labor Code* § 226.7(a) has provided that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

87)    At all times herein set forth, California *Labor Code* § 512(a) has provided that an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes, except that if the total work period per day of the employee is not more than six hours the meal period may be waived by mutual consent of both the employer and the employee.

88)    California *Labor Code* § 512(a) further provides that an employer may not employ an employee for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes, except that if the total hours worked is no more than twelve the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

89)    During the relevant time period, Defendants closely monitored Plaintiffs and the other NS-Class Members while they were at work, and strictly enforced their policy of only providing Plaintiffs and the other NS-Class Members with the opportunity to take two rest breaks and one meal break for the first twelve hours worked.

90)    Plaintiffs and the other NS-Class Members were scheduled to work for a period of time in excess of six hours and were required to work for periods longer than five hours without being provided with an opportunity to take a meal period of not less than thirty minutes.

91)    Plaintiffs and other NS-Class Members who were scheduled to work in excess of ten hours but not longer than twelve hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work in excess of ten hours without receiving a second meal period of not less than thirty minutes.

92)    Defendants required Plaintiffs and other NS-Class Members to work during meal periods and failed to compensate Plaintiffs and the other NS-Class Members for work performed during meal periods.

93)    Defendants' conduct violates applicable orders of the IWC and California *Labor Code* §§ 226.7(a) and 512(a).

94)    Pursuant to California *Labor Code* § 226.7(b), Plaintiffs and the other NS-Class Members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided, for a four-year statutory period from the date of the commencement of this action.

## FIFTH CAUSE OF ACTION
### Violation of California *Labor Code* § 226.7(a)
### (Unpaid Missed Rest Breaks)
### (Against Defendants; and on Behalf of Plaintiffs and NS-Class Members)

95)    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 94.

96)    California *Labor Code* § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

97)    During the relevant time period, Defendants required Plaintiffs and the other NS-Class Members to work during rest periods and failed to compensate Plaintiffs and the other NS-Class Members with one hour's wages at the employee's regular rate of pay for each day in which a rest period was not provided.

98)    Defendants' conduct violates applicable orders of the IWC, and California *Labor Code § 226.7(a).*

99)    Pursuant to California *Labor Code* § 226.7(b), Plaintiffs and the other NS-Class Members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that a rest period was not provided, for a four-year statutory period from the date of the commencement of this action.

## SIXTH CAUSE OF ACTION
### Violation of California *Labor Code* §§ 201, 202, and 203
### (Wages Not Paid Upon Termination)
### (Against Defendants; and on Behalf of Plaintiffs and Waiting Time Subclass Members)

100)   Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 99.

101)   At all times herein set forth, California *Labor Code* §§ 201 and 202 have provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to terminate his or her employment, in which case the employee is entitled to his or her wages at the time of termination.

102)   During the relevant time period, Defendants failed to pay Plaintiffs and those NS-Class Members whose employment by Defendants was terminated during

23

the relevant time period their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

103) Defendants' failure to pay Plaintiffs and those Waiting Time Subclass Members whose employment by the Defendants was terminated during the Waiting Time Subclass period their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ, violates California *Labor Code* §§ 201 and 202.

104)   California *Labor Code* § 203 provides that if an employer willfully fails to pay wages owed, in accordance with Sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

105) Plaintiffs and the other Waiting Time Subclass Members are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California *Labor Code* § 203.

**SEVENTH CAUSE OF ACTION**
**Violation of California *Business & Professions Code* §§ 17200, *et seq.***
**(Unfair Competition)**
**(Against Defendants; and on Behalf of Plaintiffs and NS-Class Members)**

106)  Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 105.

107) Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, the other NS-Class Members and the general public.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of California *Code of Civil Procedure* § 1021.5.

108)   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California *Business & Professions Code* §§ 17200, *et seq.*

109)   Defendants' acts constitute violation of, *inter alia*, California *Labor Code* §§ 201, 202, 203, 221, 222, 223, 226, 226.3, 226.7, 510, 515, 558, 1194,1198 and 2689 et seq.  In addition, a violation of California *Business & Professions Code* §§ 17200, *et seq.*, may be predicated on the violation of any federal law.

110)   Plaintiffs and the other NS-Class Members have been personally aggrieved by Defendants' unlawful business acts and practices as alleged herein, including, but not necessarily limited to, the loss of money or property.

111)   Pursuant to California *Business & Professions Code* §§ 17200, *et seq.*, Plaintiffs and the other NS-Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and the other NS-Class Members; an award of attorneys' fees pursuant to California *Code of Civil Procedure* § 1021.5 and other applicable law; and an award of costs.

### EIGHTH CAUSE OF ACTION
**Civil Penalties Pursuant to the Private Attorneys General Act:**
**California *Labor Code* §§ 2698 *et seq*.**
**(Against Defendants; and on Behalf of Plaintiffs , the People of the State of California and the PAGA Subclass  Members)**

112)   Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 111.

113)   Plaintiffs have complied with PAGA's administrative requirement in the manner proscribed in California *Labor Code* section 2699.3, including providing notice as set forth in California *Labor Code* section 2699.3(a)(1).  Thirty-three days

have elapsed since the postmark date of the notice provided by Plaintiffs pursuant to California *Labor Code* section 2699.3(a)(1).

114) Plaintiffs, by virtue of their employment with Defendants and the Defendants' failure to pay them all earned wages, to provide lawful wage statements and to provide all lawful rest and meal breaks, are aggrieved employees with standing to bring an action under the PAGA. Plaintiffs have satisfied all prerequisites to serve as representatives of the general public to enforce California's labor laws, including, without limitation, the penalty provisions identified in California *Labor Code* §§ 210, 225.5, 226.3, 558, 1194.2, 1197.2 and 2699.5. Since the LWDA took no steps within the time period required to intervene, and because Defendants took no corrective action to remedy the allegations set forth above, Plaintiffs, as representatives of the People of the State of California, will seek any and all penalties otherwise capable of being collected by the Labor Commission and/or the Department of Labor Standards Enforcement (DLSE). This includes, each of the following, as is set forth in California *Labor Code* Section 558, which states:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1)For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover under paid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

(b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

115) Plaintiffs allege, on behalf of the general public and acting as private attorneys general, that Defendants have violated California *Labor Code* § 558 and additional provisions of the California *Labor Code* which entitle the State of California to a 75% share of the recovery of penalties otherwise only capable of being collected by state agencies. Since the LWDA took no steps within the time period required to intervene and because Defendants took no corrective action to remedy the allegations set forth above, the Plaintiffs, as representatives of the people of the State of California, will seek any and all penalties otherwise capable of being collected by the Labor Commission and/or the Department of Labor Standards Enforcement (DLSE).

116) Plaintiffs also seek reasonable attorney's fees pursuant to Labor Code § 2699(g)(1).

## **REQUEST FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and the other Class Members, request a trial by jury.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and the other Class Members, pray for relief and judgment against Defendants, jointly and severally, as follows:

### As to Class Certification

1.  That this action be certified as a class action;

2.  That Plaintiffs be appointed representatives of the class; and

3.  That counsel for Plaintiffs be appointed as class counsel.

### As to the First Cause of Action
### (Failure to Pay Minimum Wages)

1.  For general unpaid wages at a rate no less than the minimum wage and such general and special damages as may be appropriate;

2.  For pre-judgment interest on any unpaid minimum wage compensation from the date such amounts were due;

3.  For liquidated damages in an amount equal to the wages unlawfully unpaid with interest thereon pursuant to California *Labor Code* § 1194.2;

4.  For reasonable attorney's fees and for costs of suit incurred herein pursuant to California *Labor Code* § 1194(a); and

5.  For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action
### (Unpaid and Improperly Calculated Overtime)

1.  For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

2.  For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

3.  For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California *Labor Code § 1194(a)*; and

4.  For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

(Improper Wage Statements and Recordkeeping)

1.  For all actual, consequential, and incidental losses and damages, according to proof;

2.  For statutory penalties pursuant to California *Labor Code § 226(e)*;

3.  For reasonable costs and attorneys' fees pursuant to California *Labor Code § 226(e)*; and

4.  For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

(Unpaid Missed Meal Breaks)

1. For payments pursuant to California *Labor Code § 226.7(b)*;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem appropriate.

As to the Fifth Cause of Action

(Unpaid Missed Rest Breaks)

1. For payments pursuant to California *Labor Code § 226.7(b)*;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem appropriate.

As to the Sixth Cause of Action

(Wages Not Paid Upon Termination)

1. For statutory penalties pursuant to California *Labor Code § 203*;

SECOND AMENDED CLASS ACTION COMPLAINT

2.  For reasonable attorneys' fees and for costs of suit incurred herein; and

3.  For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

(Unfair Competition)

1.  For disgorgement of any and all "unpaid-wages" and incidental losses, according to proof;

2.  For restitution of "unpaid wages" and prejudgment interest from the day such amounts were due and payable;

3.  For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California *Business & Professions Code* §§ 17200, *et seq.*;

4.  For injunctive relief pursuant to California *Business & Professions Code* § 17203, enjoining Defendants from engaging in the unlawful acts alleged herein;

5.  For reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5;

6.  For costs of suit incurred herein; and

7.  For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eighth Cause of Action

(PAGA Penalties)

1.  For all penalties normally only available to be collected by the Labor Commissioner, as well as those created by California *Labor Code* §§ 2698 *et seq.*;

SECOND AMENDED CLASS ACTION COMPLAINT

2.  For reasonable attorneys' fees that Plaintiffs are entitled to recover under California *Labor Code* §§ 2698 *et seq.*;

3.  For costs of suit incurred herein; and

4.  For such other and further relief as the Court may deem equitable and appropriate.

Dated: August 25, 2015                         Respectfully Submitted,

By:_____
Brett Szmanda
Attorney for Plaintiffs and
Class Members

SECOND AMENDED CLASS ACTION COMPLAINT