UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-2040-JLS (RNBx)                    Date: November 3, 2015
Title:  Robert De Leon et al. v. ServiceLink Inc. et al.

Present:  **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                           N/A
Deputy Clerk                                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

      Not Present                                      Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER RE: PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT (Doc. 21)**

Before the Court is an unopposed Motion for Preliminary Approval of Class
Action Settlement filed by Plaintiffs Robert De Leon and Patricia Vincent in this wage
and hour class action against Defendants ServiceLink Inc., Fidelity National Management
Services, LLC, Fidelity National Financial, Inc., and BKFS II Services, LLC.  (Mot.,
Doc. 21.)  Having reviewed the papers filed, and having taken the matter under
submission, the Court finds that more information is required before it can preliminarily
approve the proposed settlement as fair, reasonable, and adequate pursuant to Federal
Rule of Civil Procedure 23(e)(2).  *See* Fed. R. Civ. P. 23(e)(2).

First, Plaintiffs allege that Defendants' total potential liability is $6,805,151.  (*See*
Mem. at 12, 15, Doc. 22-2.)  However, adding together the individual calculations of
Defendants' potential liabilities results in a sum of $7,805,151, rather than $6,805,151.
(*See* Mem. at 12-15; Szmanda Decl. ¶¶ 13-15, 17, 19, Doc. 22-3.)  Plaintiffs must
therefore explain which total is the accurate sum of Defendants' potential liability.

Second, Plaintiffs do not provide any information explaining why the Court should
approve Kurtzman Carson Consultants as the settlement administrator in this action.
Before the Court considers approval, Plaintiffs must provide information as to KCC's
competence in carrying out the duties of a settlement administrator.

Third, the Court notes that the proposed settlement is deficient with respect to the
proposed *cy pres* recipient, the Freedom Foundation.  (*See* Joint Stip. ¶ 3.10.4, Doc. 22-
3.)  "Not just any worthy recipient can qualify as an appropriate *cy pres* beneficiary."

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

Case No. SACV 14-2040-JLS (RNBx)                    Date: November 3, 2015
Title:  Robert De Leon et al. v. ServiceLink Inc. et al.

═══════════════════════════════════════════════════════════════════════

*Dennis v. Kellog Co*., 697 F.3d 858, 865 (9th Cir. 2012).  "A *cy pres* award must be 'guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members,' and must not benefit a group 'too remote from the plaintiff class[.]'"  *Id*. (citations omitted).  The Court finds that the Freedom Foundation is an inappropriate *cy pres* beneficiary because it is not sufficiently connected to the interests of the Class. Before the Court preliminary approves the proposed settlement, the parties must identify and agree upon a new *cy pres* recipient that bears a sufficient relation to the Class.

Fourth, modifications to the proposed notice are required.  Plaintiffs have provided the Court with a copy of the proposed notice, (Class Notice, Szmanda Decl. Ex. 1-1, Doc. 22-3), and the Court finds that the notice generally satisfies the requirements of Federal Rule of Civil Procedure 23.  *See* Fed. R. Civ. P. 23(c)(2)(B).  However, the following modifications must be made before the Court grants approval as to the proposed form and content of Class Notice:

- Under Section F, "To Object to the Settlement," the Notice must clearly set forth that Class Counsel's motion for attorneys' fees and costs will be filed at least 15 days before the deadline to object.  The Notice should also clearly indicate the date by which Class Counsel will file this motion with the Court.

- Under Section F, "To Object to the Settlement," the Notice must eliminate any reference to filing a written objection with the Court.  Plaintiffs' counsel are responsible for filing, in connection with Plaintiffs' motion for final approval, any objections along with a brief responding to such objections.  Accordingly, the Notice should instruct Class Members to object by mailing a written objection to Class Counsel, Counsel for Defendants, and the claims administrator at the indicated addresses.

- Under Section F, "To Object to the Settlement," the Notice must identify the actual phone number and address of KCC.

- Under Section H, "Final Approval Hearing on Proposed Settlement," the Notice must identify the time of the hearing as well as the date.

Accordingly, the Court ORDERS the parties to submit supplemental briefing that (1) explains which total is the accurate sum of Defendants' total potential liability in this action, (2) explains why the Court should appoint KCC as the settlement administrator,

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-2040-JLS (RNBx)                    Date: November 3, 2015
Title:  Robert De Leon et al. v. ServiceLink Inc. et al.

(3) identifies a new *cy pres* recipient that has been agreed upon by the parties, and
(4) explains why the new *cy pres* recipient bears a sufficient relation to the Class.  The
parties must also provide an updated copy of the Class Notice and related forms that
reflect the modifications identified above.

The parties should submit this and any other relevant information **within 14 days**
of the issuance of this Order.

Initials of Preparer:  tg